IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OSVALDO ROSA,                          :
                                       :
        Petitioner,                    :        CIVIL NO. 4:CV-06-1991
                                       :
    v.                                 :        (Judge Jones)
                                       :
JONATHAN MINER, WARDEN,                :
*et al.*,                              :
        Respondents.                   :

**MEMORANDUM**

November 7, 2006

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Osvaldo Rosa ("Petitioner" or "Rosa"), an inmate presently

confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania

("USP-Allenwood"), commenced the above-captioned action by filing a *pro se*

Petition for Writ of Habeas Corpus (doc. 1) pursuant to the provisions of 28 U.S.C.

§ 2241.  The required filing fee has been paid.  (See Rec. Doc. 4).  Named as

Respondents are USP-Allenwood Warden Jonathan Miner and Attorney General

Alberto Gonzalez.

Rosa was convicted of conspiracy to possess with intent to distribute and

distribution of cocaine hydrochloride and conspiracy to import cocaine

hydrochloride following a jury trial in the United States District Court for the Middle District of Florida.  Thereafter, the Petitioner was sentenced to a five hundred and twelve (512) month term of imprisonment.

His conviction and sentence were affirmed on direct appeal to the United States Court of Appeals for the Eleventh Circuit.  See United States v. Rosa, 239 F.3d 368 (11th Cir. 2000) (Table).  Petitioner then collaterally challenged his conviction with a unsuccessful motion pursuant to 28 U.S.C. § 2255.  On August 14, 2006, Rosa initiated a Petition for Writ of Habeas Corpus, which was dismissed by this Court on August 21, 2006.  See Rosa v. Mendez, No. 4:CV-06-1578, slip op. (M.D. Pa. Aug. 21, 2006 ) (Jones, J.).

Rosa's instant Petition claims entitlement to federal habeas corpus relief on the grounds that: (1) his criminal sentence "is invalid because it failed to cite the statutory authority under Title 21 U.S.C. § 841(a)(1), (b)(1); Penalty Provision (b)(1)(A)(ii)" (doc. 1 at 9); and (2) his sentence violates the standards announced in Blakely v. Washington, 542 U.S. 296 (2004).[1]  Petitioner also indicates that the instant Petition should be entertained because his § 2255 remedy is inadequate or

---

[1] In Blakely, the United States Supreme Court  stated that the Sixth Amendment did not permit a sentencing judge to increase a sentence based on facts that were neither reflected in the jury's verdict nor admitted by the defendant.

ineffective.  As relief, he asks to be released from confinement.  For the reasons

outlined herein, Rosa's Petition will be dismissed as a second or successive

petition.

**DISCUSSION:**

Habeas corpus petitions brought under § 2241 are subject to summary

dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the

Rules Governing Section 2254 Cases in the United States District Courts, 28

U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See,

e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides

in pertinent part: "If it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court, the

judge shall make an order for its summary dismissal and cause the petitioner to be

notified."  A petition may be dismissed without review of an answer "when the

petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts

can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141

(6th Cir. 1970), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952

F.2d 10, 15 (1st Cir. 1991).

Prior to the 1996 amendments, 28 U.S.C. § 2244 authorized dismissal of a

successive habeas petition "that presented no new ground not heretofore presented

and determined." <u>McCleskey vs. Zant</u>, 499 U.S. 467, 483 (1991).  § 2244

provided:

> (a) No circuit or district judge shall be required to entertain an
> application for writ of habeas corpus to inquire into the detention of a
> person pursuant to a judgment of a court of the United States if it
> appears that the legality of such detention has been determined by a
> judge or court of the United States on a prior application for writ of
> habeas corpus and the petition presents no new ground not heretofore
> presented and determined, and the judge or court is satisfied that the
> ends of justice will not be served by such inquiry.

28 U.S.C. § 2244.

In <u>McCleskey</u>, the Supreme Court expanded § 2244 to also preclude a

person from raising a new claim in a subsequent habeas petition that he could have

raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim through
> inexcusable neglect.  Our most recent decisions confirm that a
> petitioner can abuse the writ by raising a claim in a subsequent
> petition that he could have raised in his first, regardless of whether the
> failure to raise it earlier stemmed from a deliberate choice.

499 U.S. at 489.

Following the 1996 amendments, § 2244(b) now provides:

> (2)   A claim presented in a second or successive habeas corpus
> application under section 2254 that was not presented in a prior
> application shall be dismissed unless–
>
> (A)   the applicant shows that the claim relies on a new rule of
> constitutional law made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable, or

(B)    (i)  the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)    (A)    Before a second or successive application permitted by this section is filed in the district court.  The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application . . . .

28 U.S.C. § 2244.

As previously noted, Rosa recently filed a prior § 2241 petition with this Court.  His earlier action, which similarly challenged the legality of his federal sentence, was denied by Memorandum and Order dated August 21, 2006.  (See Rosa v. Mendez, Civil No. 4:CV-06-1578, Rec. Doc. 4).  After reviewing the instant Petition, this Court holds that Rosa's first claim is similar in all respects to the argument raised in his earlier petition.  In addition, Petitioner has not set forth any explanation as to why he failed to include his second claim, based on Blakely, in his prior federal habeas petition.

Thus, Petitioner has failed to show that his instant Petition falls within the statutory exceptions outlined above.  Further, there is no indication that Rosa applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals.  Under the requirements set forth in § 2244(b)(2), Rosa's present successive Petition cannot be entertained by this Court. [2]  In accordance with FED. R. CIV. P. 58, an appropriate Order shall issue.

> s/ John E. Jones III
> John E. Jones III
> United States District Judge

---

[2] The Court notes that the Supreme Court has not made a determination that Blakely can be applied retroactively to cases on collateral review as required under Tyler v. Cain, 533 U.S. 656, 663 (2001).  See Cueva v. Derosa, 386 F.3d 367 (1st Cir. 2004).  Accordingly, even if properly raised, Petitioner's Blakely claim could be precluded from consideration by this Court.